Francisco Oliveras, demandante y apelante, *v.* Corte Municipal de Arecibo, Hon. Puro Girau, Juez, demandada y Eugenio Lefranc Jr., interventor y apelado.

No. 6016.—*Sometido:* Marzo 16, 1933. *Resuelto:* Julio 14, 1933.

*R. Agrait,* abogado del apelante; *Lens & Susoni,* abogados del interventor apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Eugenio Lefranc Jr. demandó en la Corte Municipal de Arecibo a Petra Rosado y a Aurelio Borrero en cobro de $140. Para asegurar la efectividad de la sentencia que pudiera dictarse obtuvo que se embargara como de la propiedad de los demandados un automóvil valorado en $450. Así las cosas, Luis Rosado, alegando ser el verdadero dueño del automóvil embargado, inició ante la propia corte municipal un procedimiento de tercería y mediante fianza que prestaron Vicente Ramos y Francisco Oliveras logró que se pusiera bajo su custodia.

La corte municipal falló el pleito en cobro de dinero en favor de Lefranc y el de tercería en favor de Rosado. No conforme Lefranc con la sentencia en el caso de tercería apeló para ante la corte de distrito y obtuvo su revocación. La sentencia dictada al efecto por la corte de distrito dice así:

"La vista de este caso se celebró, con asistencia del demandante y del demandado Eugénio Lefranc Jr., y sus abogados, el 27 de febrero de 1929, presentándose prueba documental y testifical. Se anunció la presentación de alegatos, pero no se hizo.

"La Corte, en el día de hoy, y por los fundamentos consignados en la opinión que se hace formar parte de estos pronunciamientos, declara sin lugar la demanda, y en su consecuencia condena a Luis Rosado a devolver al márshal de la Corte Municipal de Arecibo el automóvil Hudson P–363, en las mismas condiciones en que lo reci-

bió, y si dejare de devolverlo satisfará la suma de $400.00 (cuatrocientos dólares) que es el valor del mismo y sus intereses.''

Volvieron los autos a la corte municipal y Lefranc le pidió que ordenara la ejecución de la sentencia contra bienes del fiador Oliveras. Accedió la corte librándose mandamiento para el cobro de $140, intereses y costas.

Solicitó entonces Oliveras de la corte municipal que anulara la orden porque la Corte de Distrito de Arecibo no computó ni fijó en su sentencia indemnización alguna por valor de $140, ni dicha sentencia se dictó contra él. Se negó a ello la corte municipal y Oliveras recurrió en *certiorari* para ante la corte de distrito. El auto fué expedido y anulado luego por dicha corte por entender que la sentencia podía considerarse dictada también contra el fiador no incumbiendo hacer a los jueces en sus sentencias la computación a que se refiere la sección 14 de la Ley sobre tercerías.

No conforme el fiador apeló para ante este tribunal. Dos son las cuestiones envueltas, a saber: la de si es necesario que se determine en la sentencia la exacta cantidad que debe percibir el demandante en el pleito original cuando el valor de los bienes embargados y reclamados por el tercerista es superior a la reclamación, y la de si es posible dirigirse contra el fiador no habiéndose dictado sentencia expresamente contra él.

Examinemos la primera. La sección 14 de la Ley para proveer el procedimiento en los casos de tercería sobre bienes muebles e inmuebles, aprobada el 14 de marzo de 1907, Comp. 1911, pág. 890, en su párrafo segundo dice: ''Cuando dicho valor fuere mayor que la cantidad reclamada en la orden en cuya virtud se procedió al embargo de la propiedad, la indemnización se computará sobre la cantidad reclamada en la orden.'' No prescribe expresamente la ley que la computación se haga al dictarse la sentencia, pero parece lo lógico que así sea. Sin embargo, si dejara de hacerse, el error cometido no sería fatal, ya que en los autos se encuentra la base exacta para hacer el cálculo, pudiendo librarse el man-

damiento de ejecución por "la cantidad reclamada en la orden," aunque no conste en la sentencia.

La segunda cuestión suscitada es de mayor trascendencia. Dice el párrafo primero de la citada sección 14 de la Ley sobre aseguramiento de sentencias: "En todos los casos en que el reclamante de una propiedad, bajo las disposiciones de esta ley, dejare de probar su derecho a ella, se dictará fallo en contra de él y de sus fiadores, por el valor de la propiedad, con interés legal sobre el mismo desde la fecha de la fianza."

Generalmente, para que un fiador pueda ser condenado, se requiere algún procedimiento especial, por sumario que sea, en contra suya. En este caso, sin embargo, por disposición expresa de la ley, se omite todo procedimiento y puede dictarse sentencia contra el fiador al propio tiempo que contra el deudor principal, pero es necesario que la sentencia se dicte y en verdad no se dictó en este caso, según resulta de los autos.

Hubiera sido fácil recurrir a la corte de distrito y pedirle que enmendara su sentencia, pero mientras la sentencia no se enmendara, era imposible para la corte municipal ordenar la ejecución sin más trámites contra el fiador no condenado expresamente por la sentencia.

Por virtud de todo lo expuesto *se revoca la sentencia apelada que dictó la corte de distrito resolviendo el* certiorari *en 17 de marzo, 1932, y se devuelven los autos a la dicha corte de distrito para ulteriores procedimientos de conformidad con la ley.*